UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOWING & RECOVERY                          CIVIL ACTION
PROFESSIONAL OF LOUISIANA
TRUST, ET AL.

VERSUS                                     NO: 08-1685
                                           C/W 08-3152 and
                                           08-3691

SWIFT TRANSPORTATION COMPANY,              SECTION: R(1)
INC., ET AL.


**ORDER AND REASONS**

Before the Court is the motion for partial summary judgment of defendants Swift Transportation Company, Inc., Mohave Transportation Insurance Company, and Steve Markle. For the following reasons, the Court DENIES the motion.

I.  **BACKGROUND**

This case arises out of a towing accident that occurred on May 12, 2007. On that day, a tractor-trailer owned by defendant Swift Transportation Company became stuck in a ditch. Plaintiff Mardi Gras Wrecker Service, Inc., was called to pull the vehicle

from the ditch. The owner and president of Mardi Gras Wrecker Service Inc., plaintiff Gilbert Simonson, drove a 1995 Freightliner wrecker over to pull out the Swift vehicle. Plaintiffs contend that while the Mardi Gras wrecker was pulling the Swift vehicle from the ditch, the driver of the Swift vehicle, defendant Steve Markle, negligently pressed the accelerator, causing the Swift vehicle to violently impact the Mardi Gras tow truck.

Three separate lawsuits related to the towing accident were filed and consolidated. Mardi Gras Wrecker Service and its insurer, Towing & Recovery Professionals of Louisiana Trust, sued Swift and its insurer, Mohave Transportation Insurance Company. (Civ. A. No. 08-1685, R. Doc. 1). Timothy Toups, an employee of Mardi Gras Wrecker who was in the truck at the time of the accident, sued Steven Markle, Swift, and Mohave. (Civ. A. No. 08-3152, R. Doc. 1). In addition, Mardi Gras Wrecker and Gilbert Simonson sued Swift and Steven Markle. (Civ. A. No. 08-3691, R. Doc. 1). All of the cases were consolidated. Two cases, Civil Action Nos. 08-1685 and 08-3142, have since settled. (Civ. A. No. 08-1685, R. Doc. 41). The only remaining case is Civil Action No. 08-3691.

In the remaining case, plaintiffs claim that, as a result of the damage to the tow truck, they lost the use of the truck for

several months, resulting in a loss of income and a loss of business. Plaintiffs also aver that Simonson suffered injuries to his back from the accident and claim damages for medical expenses and past and future physical pain and suffering. Defendants now move for partial summary judgment on plaintiffs' claim for loss of business income.

**II. LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere,* 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

## III. DISCUSSION

Defendants contend that plaintiffs have not produced enough evidence to support their claim for loss of business income. Specifically, defendants assert that the evidence in the record, which includes a report purportedly itemizing the transactions involving the damaged truck from May 13, 2006 to May 13, 2007 (R. Doc. 37-3) and two recent income tax returns of Mardi Gras Wrecker (R. Docs. 30-2, 30-3), is insufficient to support a claim for damages.

It is well-settled in Louisiana law that lost profits must be proven with reasonable certainty. *See, e.g.*, *In the Matter of:*

4

*Liljeberg Enterp., Inc.*, 304 F.3d 410, 448 (5th Cir. 2002); *Mac Sales, Inc., v. E.I. du Pont de Nemours & Co.*, 24 F.3d 747, 753 (5th Cir. 1994). Although a perfect measure of damages is not required, mere speculation or conjecture is insufficient and the damaged party must provide evidence for a "'reasonably accurate estimate of the amount of damages' such that it 'appears reasonably evident that the amount allowed rests upon a certain basis.'" *In the Matter of: Liljeberg Enterp., Inc.*, 304 F.3d at 447-48. Claims for lost profits "cannot rest solely on the testimony of the injured party without being substantiated by other evidence." *Simpson v. Restructure Petrol. Mktg. Servs., Inc.*, 830 So.2d 480, 484 (La. Ct. App. 2002).

The Court finds that plaintiffs have submitted sufficient evidence to support their claim for lost income damages. This case is similar to *Simpson v. Restructure Petroleum Marketing Servs., Inc.*, 830 So.2d 480, 481 (La. Ct. App. 2002). There, convenience store owners sued their gasoline supplier for breach of contract when the gasoline supplier was required to shutdown to upgrade for environmental regulations. *Id.* The convenience store owners sued for lost gasoline commissions and profits from convenience store sales. The court found that the previous year's business records showing average daily gasoline

commissions were sufficient to support plaintiffs' claim for lost gasoline commissions. *Id.* at 484. As for lost convenience store sales, the court found that the owner's testimony that customers who bought gas also bought items inside the store, combined with business records showing that inside sales had decreased markedly, was sufficient to support the jury's damage award in this regard. *Id.* Similarly here, plaintiffs intend to rely on business records and the testimony of the company owner to support their claim for lost profits. Plaintiffs have submitted a transaction report which shows that the damaged wrecker generated $224,781.23 in gross revenue in the year preceding the accident and tax returns showing the company's profits for 2006 and 2007. (R. Docs. 30-2, 37-2, 37-3). Plaintiffs have also submitted the affidavit of Simonson, the president of Mardi Gras Wrecker, in which he states that the company lost income because it could not service large jobs with the wrecker. (R. Doc. 37-2). The Court finds this evidence sufficient to allow a factfinder to establish a reasonably accurate estimate of damages. The factfinder could look to the tax returns and transaction report to estimate the past profits generated by the damaged truck. The factfinder could then consider Simonson's testimony as to how long the company was without the truck to come up with a reasonable estimate of the income the company

lost.

The cases cited by defendants, in contrast, involve completely speculative claims for lost profits. For instance, in *Mac Sales*, 24 F.3d at 750, the plaintiff was prohibited from marketing his product in Japan because of geographic restrictions in a contract. Plaintiff's only evidence of lost profits was his testimony that he communicated to a party in Japan who inquired about his product. *Id.* at 753. There was no past evidence of dealings with parties in Japan, and there was no evidence that the party in Japan would have bought the product if the plaintiff had marketed it there. *Id.* The Court concluded that the evidence was legally insufficient. *Id.* ("Only speculation or conjecture could tie such evidence of lack of foreign sales to du Pont's efforts to limit Choina's exclusive rights to this country."). The evidence in *Jobe v. Crederu*, 125 So.2d 487, 489-90 (La. Ct. App. 1960) was similarly speculative. The plaintiff there sustained personal injuries in a car accident and claimed that his injuries kept his oil well drilling business from completing contracts as quickly as it otherwise would have. He testified that because of the delay, his business lost drilling contracts. *Id.* at 489. The plaintiff provided no records, and the court found that his uncorroborated testimony alone was not sufficient to sustain a claim for lost business income. *Id.* at 490.

7

Unlike those plaintiffs, Mardi Gras Wrecker and Simonson have provided corroborative evidence of lost business income. The Court finds that the transaction report for the wrecker, the company's tax returns, and the testimony of Simonson are sufficient evidence to allow a factfinder to come up with a reasonable estimate of lost income damages.  Accordingly, the Court DENIES defendants' motion for partial summary judgment.

IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motion for partial summary judgment.

New Orleans, Louisiana, this __8th__ day of June, 2009

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE